UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| MALCOLM LeFLORE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 19-250-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| RAY J. ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Malcom LeFlore is a federal inmate at the United States Penitentiary-Lee in Jonesville, Virginia. LeFlore was previously incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, and while at USP-McCreary, LeFlore filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. [R. 1; *see also* R. 3; R. 9.] The Warden has responded to LeFlore's claims, and the matter is now ripe for the Court's review. For the reasons that follow, LeFlore's petition will be **DENIED**.

In his petition, LeFlore argues that his sentencing judge in the Northern District of Iowa sentenced him "to time credit off [his] federal sentence for the time [he] was in U.S. Marshal custody for [his] federal charge." [R. 9 at 5.] However, a review of LeFlore's incarceration history demonstrates otherwise.

On February 17, 2014, state authorities in Black Hawk County, Iowa, arrested LeFlore for controlled substance and firearms offenses, among other things. Then, on April 15, 2014, LeFlore was transferred to the United States Marshals Service on a federal writ of habeas corpus *ad prosequendum*. *See United States of America v. LeFlore*, Case No. 6:14-cr-02016-CJW-MAR-1 (N.D. Iowa 2014), R. 6 therein. On December 22, 2014, the Northern District of Iowa sentenced

LeFlore to a seventy-month term of imprisonment, specifically ordering the seventy months to be served consecutively to whatever came of the Black Hawk County, Iowa, charges.  *Id.* at R. 37 therein.  On January 5, 2015, LeFlore was returned to state custody, *see id.* at R. 39 therein, and ten days later he was sentenced in the Iowa District Court for Black Hawk County.  [R. 16-1 at 3, 24-28.]  LeFlore then served time on the state sentence until December 9, 2015, when he was paroled from Iowa to the exclusive custody of the United States Marshals Service to commence his federal sentence.  [*Id.* at 3, 64.]

To summarize, then, LeFlore was (1) arrested by the state of Iowa, (2) transferred to federal custody and sentenced in federal court, (3) transferred to Iowa state custody and sentenced in state court, (4) incarcerated in state court on his state sentence, and then (5) transferred back to federal custody to serve time on his federal sentence.  The second leg of LeFlore's journey is what he challenges in this case, claiming that time should be credited to the seventy-month federal sentence he is currently serving in the custody of the Federal Bureau of Prisons.

How to credit an inmate's time in custody depends significantly on the concept of primary jurisdiction.  "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."  *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."  *Id.* at 896-97.  Primary jurisdiction continues until a sovereign specifically relinquishes it, generally through release on bail, dismissal of charges, parole, or expiration of the sentence.  *Id.* at 897.

Accordingly, because LeFlore was first charged and arrested in Iowa, the state of Iowa enjoyed primary jurisdiction over him.  And when LeFlore was first transferred to federal custody

pursuant to the writ of habeas corpus *ad prosequendum*, he remained under the state of Iowa's primary jurisdiction. Although LeFlore was in the custody of the United States Marshals during that time, he was simply "on loan" to them. *See id.*

Furthermore, pursuant to 18 U.S.C. § 3585(b), an inmate may not receive credit for a period of incarceration twice. In LeFlore's case, the time from the issuance of the writ (April 15, 2014) until his transfer back to state custody (January 5, 2015)—which, as explained above, was all time spent under Iowa's primary jurisdiction—was ultimately credited towards his state sentence. [*See, e.g.*, R. 16 at 6; R. 16-1 at 3, 24-28.] Because LeFlore "received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his . . . federal sentence. If [LeFlore] were credited for this time against his current federal sentence, he would receive improper double credit." *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).[1]

Finally, the Court notes that LeFlore has not challenged any of the evidence presented by the Warden on these calculations. The Warden filed ninety-nine pages of affidavits and supporting documents explaining the relevant concepts and dates relied upon by the Court herein. LeFlore was provided an opportunity to reply to the Warden's brief, [*see* R. 12 at 3], but chose not to do so.

Ultimately, then, the Court finds that the time Leflore spent on the writ of habeas corpus *ad prosequendum* should not be credited towards the seventy-month federal sentence LeFlore is

---

[1] The fact that the federal sentence was imposed before the state sentence does not change the calculation. "The general rule as to place of incarceration is that regardless of the order in which sentences are imposed, the sentence of the sovereign which has primary jurisdiction over the defendant is served first." *Shumate v. United States*, 893 F. Supp. 137, 139 (N.D.N.Y. 1995).

currently serving. The Federal Bureau of Prisons is correct in excluding that time. Therefore, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. LeFlore's petition for a writ of habeas corpus [R. 9] is **DENIED**;

2. Judgment shall be entered contemporaneously herewith; and

3. This case is **CLOSED** and **STRICKEN** from the Court's docket.

This the 17th day of August, 2020.



Signed By:
William O. Bertelsman  WOB
United States District Judge